Linda J. LORD

v.

BAYSIDE ENTERPRISES, INC. and
Liberty Mutual Insurance Co.

Supreme Judicial Court of Maine.

Argued Nov. 2, 1981.

Decided Dec. 22, 1981.

Maurice A. Libner (orally), Brunswick, for plaintiff.

Rudman & Winchell, Michael Friedman (orally) and Bruce C. Mallonee, Bangor, for defendants.

Before McKUSICK, C. J., and GOD-FREY, NICHOLS, VIOLETTE and WATHEN, JJ.

MEMORANDUM OF DECISION.

Linda J. Lord, an employee of Bayside Enterprises, appeals from a pro forma decree of the Superior Court, Waldo County, affirming a decision of the Worker's Compensation Commission. On appeal, Mrs. Lord seeks to have her employer made fully liable for payment of a lump sum settlement of $14,230.00, which payment the Commissioner's decision found should be apportioned between the employer and the Second Injury Fund pursuant to 39 M.R. S.A. § 57. We note, however, that despite this finding, the Commissioner did not order the Second Injury Fund to pay the remainder of the compensation awarded. The pro forma decree appealed from, which is equally deficient, provides as follows:

The Court, in accordance with 39 M.R. S.A. § 103, hereby enters the following decree and orders the following relief:

I find that on February 22, 1979 petitioner sustained an injury to her right eye, arising out of and occurring in the course of her employment with Bayside Enterprises. I find that as a result of the industrial injury petitioner became totally blind in her right eye.

I find that at the time of her industrial injury petitioner's average weekly wage was $213.45 yielding a compensation rate as of the date of her injury of $142.30.

Wherefore it is hereby ordered that the Permanent Impairment Decree dated January 12, 1981 is amended to include a finding of permanent impairment found by the Commission to be 37% of the right eye.

It is hereby ordered and decreed that the employer and/or insurance carrier pay petitioner specific compensation in lump sum payment of $5,265.10.

The decree is not a final judgment because it does not contain an order that the Second Injury Fund pay the petitioner the remainder of the lump sum payment, and accordingly the petitioner's appeal is premature.

The entry is:

Appeal dismissed.

Remanded to the Superior Court which shall remand to the Workers' Compensation Commission for further proceedings consistent with the opinion herein.

It is further ordered that the employer pay to the petitioner an allowance of $550.00 for her counsel fees, plus her reasonable out-of-pocket expenses for the appeal.

All concurring.